State Farm
Mutual Auto Ins. Co.,
subrogee of
James L. Brown

v.

Joel Ian LaBlanc
and Anthony Fincher

April 2, 2015

Case No. CL 13-5285

By Judge Junius P. Fulton, III

The trial in this matter was heard on February 11, 2015. At the conclusion of the evidence, the court provided counsel an opportunity to present written closing arguments, specifically addressing the issue of whether the defendant Anthony Fincher's actions were the proximate cause of Plaintiff James Brown's injuries and damage.

The facts established during the trial are essentially uncontroverted. Brown was confronted with a sudden emergency while driving on I-64 near the interchange of I-64 and I-264. Brown was traveling in an eastbound direction on I-64 when a vehicle towing a trailer and driven by Joel LaBlanc, suddenly turned into his lane of travel from the ramp accessing I-264. Brown immediately turned his vehicle in an attempt to avoid colliding with LaBlanc. Unfortunately he was unsuccessful as LaBlanc's vehicle crossed over at least two lanes of travel on I-64 eastbound and collided with him in lane two and ultimately forced both vehicles (or parts thereof) to come to rest in lane one. Fincher, who was also traveling eastbound on I-64 some distance behind Brown observed the sudden actions taken by LaBlanc in leaving his lane of travel on I-264 and turning abruptly into Brown's lane of travel. Despite the opportunity to observe the accident unfolding before him, Fincher ultimately struck the rear of Brown's vehicle after it came to rest in lane one.

Thus, the evidence revealed that there were actually two separate collisions involving Brown's vehicle. The first collision caused by LaBlanc occurred in lane two on I-64 eastbound and resulted in Brown's vehicle coming to rest in lane one. Seconds later, the second collision occurred

when Fincher, despite braking, slid into the rear of Brown's vehicle. Fincher argues that he was unable to avoid colliding with Brown because he was confronted with a sudden emergency "because the two vehicles cut off his stopping distance" when they came to rest in his lane of travel. He asserts that his vehicle slid and "bumped" into the left rear of Brown's vehicle. This assertion that the second collision was minor is corroborated by the fact that there was no damage to the left rear of Brown's vehicle and Brown's testimony concerning his awareness of the second collision.

Fincher's claim of sudden emergency is unavailing because the evidence established that he observed LaBlanc losing control of his vehicle some distance in front of him, saw it cross the double yellow lines, veer abruptly to the left lanes, I-64, and ultimately strike Brown's vehicle in lane two. Despite those observations, he failed to take any action until Brown and LaBlanc's vehicles arrived in lane one. Having observed the accident unfolding before him, Fincher's failure to maintain proper lookout and act appropriately when he observed the movements of Brown and LaBlanc's vehicles prior to their coming to rest in lane one was negligent.

Although Fincher's negligence was the proximate cause of the second collision suffered by Brown, he argues that Brown has failed to meet his burden of establishing that he was injured as the result of that collision. The plaintiff asserts that the case of *Maroulis v. Elliott*, 207 Va. 503, 151 S.E.2d 339 (1966), controls the outcome of this case. *Maroulis* provides that "where separate and independent acts of negligence of two parties are the direct cause of a single injury to a third person and it is impossible to determine which proportion each contributed to the injury, either or both are responsible for the whole injury." However, the plaintiff's reliance of *Maroulis* is unavailing because, unlike the facts in *Maroulis*, Brown clearly attributed his injuries to the first collision with LaBlanc's vehicle.

Brown testified that he felt no impact with Fincher's vehicle and never lost consciousness. He pointed out that the degree of impact would have a direct bearing on whether he would "feel it or not." This was highlighted by the detailed and extensive testimony he gave recounting the effect of the initial collision with LaBlanc's vehicle. The violent nature of this initial collision was corroborated by Brown's passenger and Fincher. There is simply no direct or circumstantial evidence which would indicate that Brown suffered any injury as the result of the collision with Fincher. Given Brown's own testimony, it is clear that the injuries he sustained are directly attributable to LaBlanc and not Fincher. The plaintiff's case can rise no higher than his own testimony. *Massie v. Firmstone*, 134 Va. 450, 114 S.E. 652 (1922).

Consequently, the Court finds that although Fincher's negligence led to the second collision, that negligence was not the proximate cause of Brown's injuries and damages. Thus, the case against Fincher will be dismissed.